# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DERROD MILLER, #426-175          *

Plaintiff                        *

v.                               *          Civil Action No. JKB-14-2266

WARDEN SUZANNE FISHER           *
CO III SHANTE CLINTON
SERGEANT ARNOLD JOHNSON         *
CO V RAYMOND PERE
CO IV JOSEPH REED               *
CO II M. SHAPRED
                                 *
Defendants

## MEMORANDUM

Plaintiff Derrod Miller ("Miller"), a Maryland Division of Correction ("DOC") prisoner currently incarcerated at Jessup Correctional Institution ("JCI"), claims that on March 12, 2014, while housed at the Maryland Reception Diagnostic & Classification Center ("MRDCC"), he was assaulted by Officers Clinton, Johnson, Reed, and Shapred, and wrongfully charged with institutional infractions relating to the incident.[1]   (ECF No. 1, pp. 3-7).   Miller also claims Officer Pere refused to investigate the incident.[2] (*Id.*, p. 5).

On March 24, 2015, this court dismissed Warden Fisher and denied summary judgment as to the officers, permitting the officers to supplement their motion for summary judgment or submit a status report in anticipation of trial.  (ECF Nos. 20 and 21).   Defendants have provided

---

[1] Miller also claims he was denied immediate medical care for injuries caused by the assault.  (ECF No. 1 at 4).  The uncontroverted medical record indicates that Miller was treated by medical staff for a laceration to his face at 10:47 a.m. on the day of the incident, which occurred at approximately 9:50 a.m.  (ECF No. 27-4 and ECF No. 1 at 3).  This allegation is unsupported by the record and will not proceed.

[2] Miller's version of this incident to the contrary, the matter was investigated.  Miller filed an administrative complaint on the day of the incident, March 12, 2014.  (ECF No. 1-1, pp. 4-5, ARP No. WCI0437-14).  The complaint was procedurally dismissed by WCI's Institutional Coordinator, who noted on March 20, 2014, that "[s]ince this case shall be investigated by IIU, no further action shall be taken within the [administrative remedy procedure] [p]rocess." (ECF 1-1, p. 4).  Accordingly, defendant Pere shall be dismissed from this action.

a supplemental motion for summary judgment that includes declarations filed by defendants Clinton, Reed, and Johnson. (ECF No. 27). Although unopposed, defendants' supplemental motion is insufficient to warrant granting summary judgment in their favor. For the reasons that follow, Pere IS DISMISSED, defendants' supplemental motion for summary judgment otherwise IS DENIED, and Miller's motion for appointment of counsel (ECF No. 25) IS GRANTED.

## Standard of Review

Defendants' motion relies on materials outside the pleadings, and is construed as a motion for summary judgment, governed by Federal Rules of Civil Procedure 56(a). Pursuant to Rule 56, the motion must be granted if defendants show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. In weighing defendants' motion, this court must view the evidence in the light most favorable to plaintiff and draw all inferences in his favor without weighing the evidence or assessing the witnesses' credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).

Because Miller is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this court has an "affirmative obligation" to prevent factually unsupported claims from proceeding to trial. *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Background

In his verified complaint, Miller claims that at approximately 9:50 a.m. on March 12, 2014, while participating in out-of-cell exercise, handcuffed to a "black box" and wearing leg irons, he stopped to talk to Officer Clinton about a dietary concern. Clinton had just found

"some contraband" and was not receptive to conversation. (ECF No. 1, p. 3). Officer Reed, who had been summoned by Clinton, entered the area and interrupted the conversation, stating "I have more important shit to handle, take ya ass upstairs." (*Id.*). When Miller protested, Reed again responded rudely and "out of anger grabbed" Miller, slamming his head against a metal door and stabbing Miller in the face with the knife that Clinton had found. (*Id.*, pp 3-4). Miller was then "stomped" by Officers Shapred, Johnson, Clinton, and two unknown officers. (ECF No. 1, pp. 4-5). Miller claims the assault continued while he waited in the medical area. (ECF No. 1, p. 5).

Miller received an adjustment ticket for Rule Violation 101 (staff assault and battery) and Rule Violation 400 (disobeying an order). (ECF No. 14-3, Notice of Inmate Rule Violation, p. 1). He provides documentation supporting his statement that the institutional charges placed against him with regard to the incident were dismissed by a hearing officer on the basis that "the Institution[al] Rep[resentative] does not wish to pursue the charges due to the lack of evidence forwarded by MRDCC." (ECF No. 1-3). Defendants have ignored the opportunity to clarify or explain why these serious charges, including charges that Miller has committed assault or battery on staff and disobeyed an order, were not pursued.

Defendants present a different version of events based on incident reports prepared by Clinton, Reed, and other correctional officers. According to DOC personnel, on Wednesday, March 12, 2014, at approximately 9:52 a.m., Clinton observed a metal homemade knife wrapped in a white cloth fall from Miller's pant leg.[3] (ECF No. 14-2, Sergeant Shante Clinton's Notice of Incident Report). Clinton retrieved the weapon from the floor and reported her finding to Reed. (ECF No. 14-3, Notice of Inmate Rule Violation, p. 2). While Reed and Clinton were discussing

---

[3] The court notes that when filing rules violation charges, prison authorities did not charge Miller with possession of the knife. (ECF No. 14-3 at 3).

what had been found, Miller abruptly confronted Reed and said, "Fuck you, I don't want to hear that shit, that ain't my knife." (*Id.*). Reed grabbed Miller by his waist chain and took him to the ground (*id.*), and Corporal Tia Taylor used a radio to call a Signal 13 (Office Needs Assistance). (ECF No. 1-4, Serious Incident Report, p. 4). Miller remained combative and resisted Reed's order to stop moving. (ECF No. 14-3, Notice of Inmate Rule Violation, p. 2). During the struggle, Miller attempted to take the knife from Reed, which resulted in cuts to Reed's fingers. (*Id.*).

Another inmate, Tavon Thompson, #421-159, ran towards the scuffle, prompting Clinton to restrain Thompson. (*Id.*). Officers Don Marcano and Tameka Cobb arrived on the scene and helped subdue both Miller and Thompson. (*Id.*). At approximately 10:47 a.m., Miller was taken to the medical department where he was evaluated, treated, and discharged by Registered Nurse Sarah Ross. (*Id.*). Ross diagnosed and treated Miller for a scratch to the right side of his face. (ECF No. 14-5, Office of Inmate Health Services Form). Defendants Clinton, Reed, and Johnson have submitted affidavits supporting their version of events. (ECF Nos. 27-1, 27-2 and 27-3).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The absence of significant injury alone

is not dispositive of a claim of excessive force. *Wilkens v. Gaddy*, 599 U.S. 34 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. at 38.

Miller states that he was not in possession of contraband and while attempting to ask Clinton a question concerning a dietary problem was interrupted by Reed, then grabbed and slammed to the ground, incurring injury. Miller's complaint was written under penalty of perjury. His allegations, combined with the fact that he was never charged with possession of the contraband (a knife) and additional rules violations filed against him were not pursued, lend some credence to his allegation of excessive use of force and are sufficient to warrant further pursuit of his claim.

Accordingly, the supplemental motion for summary judgment filed on behalf of defendants Clinton, Johnson, Reed, and Shapred will be denied. Defendant Pere will be dismissed from this action, as will Miller's claim regarding the delay in providing medical treatment for his injury. Miller's motion for appointment of counsel will be granted. A separate order, setting further deadlines, follows.

Date: November 2, 2015                         _____/s/_____
                                                                    James K. Bredar
                                                                    United States District Judge